**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,                CASE NO. 15-20412
                                         HON. DENISE PAGE HOOD

v.

EUGENE DESHAWN JACKSON,

        Defendant.
                                        /

**ORDER DENYING DEFENDANT'S MOTION TO REMOVE COUNSEL, AND DENYING DEFENDANT'S REQUEST FOR NEW COURT-APPOINTED COUNSEL [#63]**

**I.    BACKGROUND**

On July 7, 2005, Defendant Eugene Jackson ("Jackson") was charged by Indictment with giving a False Statement During the Acquisition of a Firearm, Aiding and Abetting (Count I), Distribution of Controlled Substance (Heroin) (Count II), Felon in Possession of a Firearm Following Three Serious Drug Offense Convictions (Count III) and Possession of a Firearm in Furtherance of a Drug Trafficking Crime (Count IV). (Doc # 4) A jury trial was set for August 25, 2015. (Doc # 17) Michael Rataj ("Rataj") appeared as counsel for Defendant Jackson. Pursuant to a Stipulated Order, jury trial was eventually reset for September 13, 2016. (Doc # 33) Jackson entered a plea of guilty to Count III,

1

pursuant to a Rule 11 Plea Agreement with the Government.  A plea hearing was held on August 22, 2016, and the Court accepted the Rule 11 Plea Agreement and Jackson's plea of guilty, finding that the plea was knowingly, freely, and voluntarily made.  (Doc # 42)

On November 2016, Jackson filed a letter to the Court alleging neglect, lack of communication, and disrespect on Rataj's part toward Jackson and his family. (Doc # 43)  The letter further alleges that Jackson entered a plea of guilty under duress because he was "overwhelmed and mentally exhausted by [his] several cases and [his] attorney double talking" him, and because his attorney coerced him to believe he was guilty.  (*Id.*)  Rataj filed his first Motion to Withdraw as Counsel on December 5, 2016.  (Doc # 45)  The Court held a motion hearing on January 24, 2017.  Rataj withdrew his Motion on the record.  Jackson agreed on the record to move forward with Rataj, and stated that their relationship had been restored.  The Court then entered an Order Allowing Rataj to withdraw his Motion to Withdraw as Counsel. (Doc # 48)

Rataj filed a second Motion to Withdraw as Counsel on May 11, 2017.  (Doc # 50)  The Court granted Rataj's Motion on June 23, 2017.  (Doc # 55)  S. Allen Early, III ("Early") appeared as new defense counsel on July 6, 2017.  (Doc # 56) On August 16, 2017, Jackson filed a Motion for Permission to Withdraw his Plea

of Guilty (Doc # 57), which was denied by the Court on October 12, 2017. (Doc # 61) Sentencing is set for November 9, 2017. (*Id.*)

This matter is now before the Court on Jackson's request to remove counsel, and be granted a new court-appointed attorney. Jackson alleges that there has been a total and irreconcilable breakdown in the attorney-client relationship to such an extent that it is in his best interest that new counsel be appointed to represent him. Jackson alleges Early: (1) has not provided him with all Discovery material in his possession; (2) has not submitted a motion to compel discovery by the Government; (3) has not sought the investigative information Jackson has requested; (4) has kept very poor communication with Jackson; and (5) is not responding to any of his letters or phone calls from his "support system."

Jackson further accuses Early of "deficient performance, poor investigative inquir[y], lack of significant communication, disassociated attitude, failure to create adversary challenges, and gross with-holding of Discovery material." (Doc # 63, Pg ID 3) Jackson provides this information in support of his assertion that Early has provided ineffective assistance of counsel. The Government filed a response and takes no position concerning the Motion before the court. (Doc # 64)

For the reasons set forth below, the Court DENIES Jackson's Motion.

## II. ANALYSIS

### A. Motion to Remove Counsel

The Local Rules provide that an attorney making an appearance on behalf of a defendant continues to represent the defendant through an appeal unless the district court grants a motion to withdraw prior to the notice of appeal being filed. E.D. Mich. L. Cr. R. 57.1(a). It is well established that a criminal defendant accused of a felony has a constitutional right under the Sixth Amendment to be represented by counsel and to have counsel appointed for him if he cannot afford one, or, alternatively, to represent himself in such proceedings. *Faretta v. California*, 442 U.S. 806 (1975). The "essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Wheat v. United States*, 486 U.S. 153, 159 (1988). The Sixth Amendment does not guarantee a "meaningful relationship" between a defendant and his attorney. *Morriss v. Slappy*, 461 U.S. 1, 14 (1983). A motion for new court appointed counsel based upon a defendant's dissatisfaction with his counsel is addressed to the sound discretion of the trial court. *United States v. White*, 451 F.2d 1225 (6th Cir. 1971). The defendant's right "to court appointed counsel does not carry with it the right to select a particular attorney." *Id.*

This is the third motion to either remove or withdraw counsel in the present case. Jackson has presented arguments critical of Early's representation that are nearly identical to the criticisms he made against Rataj. The differences being attributable to the timing of the present Motion. This is also the second time Jackson has accused his attorney of ineffective assistance of counsel. Jackson alleges that Early has provided ineffective assistance, mostly because of an alleged failure to provide Discovery documents that Jackson believes are in Early's possession. However, Jackson has not adequately supported his ineffective assistance of counsel theory.

The Supreme Court in *Strickland v. United States*, 466 U.S. 668 (1984) announced the two prong test to determine whether counsel's assistance was ineffective. One seeking relief on the basis of ineffective assistance of counsel bears the burden of showing that his attorney was so deficient as not to be functioning as counsel under the Sixth Amendment and that prejudice resulted to a degree that the petitioner was deprived of a fair trial. *Id.* at 686–87. In the context of a guilty plea, the resulting prejudice must amount to a showing that, but for counsel's errors, the petitioner would not have pled guilty but would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). The defendant must show: first, that counsel made errors so serious that counsel was not functioning as counsel as guaranteed by the Sixth Amendment; and second, that the deficient

performance prejudiced the defense. *Id.* at 687. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Jackson does not direct the Court to any errors Early has committed that rise to ineffective assistance of counsel. Jackson has also not shown prejudice–that but for prior counsel's unprofessional errors, the result of the proceedings would have been different. *Id.* Similar to arguments Jackson previously made against Rataj, he has failed to show that Early's representation has been ineffective. Jackson is not entitled to the representation of his choice. *See White*, 451 F.2d at 1226 ("The right of an accused to court-appointed counsel does not carry with it the right to select a particular attorney.").

## III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant Jackson's Motion to Remove Counsel (Doc # 63) is DENIED.

IT IS FURTHER ORDERED that Jackson's request for new Court appointed counsel is DENIED.

S/Denise Page Hood
Chief Judge, United States District Court

Dated: January 9, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 9, 2018, by electronic and/or ordinary mail.

                                      S/LaShawn R. Saulsberry
                                      Case Manager